# UNITED STATES DISTRICT COURT

for the

Western District of Washington

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Subject Digital Device, as fully listed and described in Attachment A.

Case No. MJ26-404

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Subject Digital Device, as fully listed and described in Attachment A.

located in the Western District of Washington, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, for list of items to be seized, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 2252(a)(4)(B), (b)(2) | Access with Intent to View/Possession of Child Pornography |

The application is based on these facts:

See Affidavit of Special Agent Audrey Ngadiran.

☑ Continued on the attached sheet.

☐ Delayed notice of ______ days (give exact ending date if more than 30 days: __________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Audrey Ngadiran, Special Agent (HSI)
*Printed name and title*

This warrant is presented: ☑ by reliable electronic means ☐ telephonically recorded ☐ in person.

Date: July 1, 2026

*Judge's signature*

City and state: Seattle, Washington

Brian A. Tsuchida, United States Magistrate Judge
*Printed name and title*

USAO: 2026R00874

**AFFIDAVIT OF AUDREY NGADRIAN**

STATE OF WASHINGTON )
) ss
COUNTY OF KING COUNTY )

I, Audrey Ngadiran, a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), Seattle, Washington, being duly sworn, state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Special Agent in Charge (SAC) Seattle, Washington, field office. I have been employed as an HSI Special Agent since 2021. In my capacity as a Special Agent, I am responsible for conducting investigations into the numerous federal laws enforced by HSI. Since 2022, I have investigated criminal violations relating to child exploitation and child pornography, including violations pertaining to the unlawful production, importation, distribution, receipt, attempted receipt, and possession of child pornography and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252(a), and 2252A(a).

2. I am a graduate of the Federal Law Enforcement Training Center (FLETC), HSI Special Agent Training Program and have received further specialized training in investigating child pornography and child exploitation crimes. My training included courses in law enforcement techniques, federal criminal statutes, conducting criminal investigations, and the execution of search warrants. I have participated in the execution of many search warrants which involved child exploitation and/or child pornography offenses and the search and seizure of computers and other digital devices. I am a member of the Internet Crimes Against Children (ICAC) Task Force in the Western District of Washington, and work with other federal, state, and local law


UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children.

## PURPOSE OF AFFIDAVIT

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 United States Code Sections 2252(a)(4), (b)(2), Access with Intent to View/Possession of Child Pornography have been committed by ROBERT TREVINO.

4. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure. There is probable cause to search the following device: **(1) one Apple iPhone 15** (hereafter SUBJECT DEVICE) for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B. The SUBJECT DEVICE are currently located in the secure evidence of Homeland Security Investigations seized by Department of Corrections Community Corrections Officers from ROBERT TREVINO. As set forth below, there is probable cause to believe that the SUBJECT DEVICE will contain or possess evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) Access with Intent to View/Possession of Child Pornography (hereinafter the TARGET OFFENSES). I seek authorization to search and seize the items specified in Attachment B, which is incorporated herein by reference.

5. The information in this affidavit is based upon the information I received from the investigation my agency and myself have conducted, and my conversations with other law enforcement officers and review of their reports who have engaged in various aspects of this investigation. Because this affidavit is being submitted for the limited



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are sufficient to establish probable cause to support the issuance of the requested warrants. When the statements of others are set forth in this affidavit, they are set forth in substance and in part.

## DEFINITIONS

7. The following definitions apply to this affidavit:

a. "Chat," as used herein, refers to any kind of text communication over the internet that is transmitted in real-time from sender to receiver. Chat messages are generally short in order to enable other participants to respond quickly and in a format that resembles an oral conversation. This feature distinguishes chatting from other text-based online communications such as internet forums and email.

b. For the purposes of this affidavit, a "minor" refers to any person less than eighteen years of age and for the purpose of this search warrant, "Child pornography," as used herein, is defined in 18 U.S.C. § 2256 (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

c. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

d. “Cloud-based storage service,” as used herein, refers to a publicly accessible, online storage provider that collectors of depictions of minors engaged in sexually explicit conduct can use to store and trade depictions of minors engaged in sexually explicit conduct in larger volumes. Users of such a service can share links and associated passwords to their stored files with other traders or collectors of depictions of minors engaged in sexually explicit conduct in order to grant access to their collections. Such services allow individuals to easily access these files through a wide variety of electronic devices such as desktop and laptop computers, mobile phones, and tablets, anywhere and at any time. An individual with the password to a file stored on a cloud-based service does not need to be a user of the service to access the file. Access is free and readily available to anyone who has an internet connection.

e. “Computer,” as used herein, refers to “an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device,” including smartphones and mobile devices.

f. “Data,” as used herein refers to the quantities, characters, or symbols on which operations are performed by a computer, being stored and transmitted in the form of electrical signals and recorded on magnetic, optical, or mechanical recording media.

g. “Digital Devices” as used herein refers to any physical object that has a computer, microcomputer, or hardware that is capable of receiving, storing, possessing, or potentially sending data.

h. “Internet Service Providers” (“ISPs”), as used herein, are commercial organizations, community-owned, non-profit, or otherwise privately-owned companies that are in business to provide individuals and businesses access to the internet. ISPs provide a range of functions for their customers including access to the internet, web



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

i. "Mobile applications," as used herein, are small, specialized programs downloaded onto mobile devices that enable users to perform a variety of functions, including engaging in online chat, reading a book, or playing a game.

j. "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

k. "User Attributes," as used herein refers to any tangible data, documents, settings, programs, or other information that provides information related to the identity of the specific user of the device, computer, application, program, or record.

## TECHNICAL BACKGROUND

8. Courts have recognized that the majority of Americans possess and use cellular telephones, and that most of those keep the phones within their reach at all times. Cellular telephones are used for, among other things, voice, text, email, and SMS communications; accessing and posting to social networking websites, surfing the internet, taking, and storing photographs, creating, and storing documents, notes, music, mapping directions to places, etc. Courts have recognized that these devices "smart phones" are essentially small computers with vast storage capacities. Information deleted by the user can be recovered, years after deletion, upon examination of a cell phone's data.

9. Based on my training and experience, I know that the development of computers and portable digital devices in general have revolutionized the way in which those who seek out depictions of minors engaged in sexually explicit conduct are able to obtain this material. Computers serve four basic functions in connection with depictions of minors engaged in sexually explicit conduct: production, communication, distribution, and storage. Additionally, I know that the computer's capability to store images in digital


UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

form makes it an ideal repository for depictions of minors engaged in sexually explicit conduct. The size of the electronic storage media (often referred to as a "hard drive") used in home computers has grown tremendously within the last several years. Hard drives with the capacity of terabytes are not uncommon. These drives can store thousands of images and/or videos at a high resolution.

10. Based on my training and experience and information provided to me by electronic forensic detectives and agents, I know that data can quickly and easily be transferred from one digital device to another digital device via messages, apps, file sharing etc., and via a USB cable or other wired connection. Data can be transferred from computers or other digital devices to internal and/or external hard drives, tablets, mobile phones, and other mobile devices via a USB cable or other wired connection. Data can also be transferred between computers and digital devices by copying data to small, portable data storage devices including USB (often referred to as "thumb") drives, memory cards (Compact Flash, SD, microSD, etc.) and memory card readers, and optical discs (CDs/DVDs).

11. Based on my training and experience, collectors and distributors of depictions of minors engaged in sexually explicit conduct also use online, remote, resources to retrieve and store depictions of minors engaged in sexually explicit conduct, including services offered by companies such as Google, Yahoo, Apple, Amazon, and Dropbox, among others. The online services allow a user to set up an account with a remote computing service that provides email services and/or electronic storage of electronic files in any variety of formats. A user can set up, and access, an online storage account from any digital device with access to the Internet. Evidence of such online storage of depictions of minors engaged in sexually explicit conduct is often located on the user's computer or smart phone.

12. Based on my training and experience, communications by way of a computer can be saved or stored on the computer used for these purposes. Storing this



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

information can be intentional, i.e., by saving an email or saving the location of one's favorite websites in, for example, “bookmarked” files. Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others). Examples of this stored data include user-created or saved data, such as contact lists, messages sent and received, images, audio and video files, personal calendars, notes, prescriptions, bank statements, videos, documents, and images; as well as device-generated data, such as user identity information, passwords, usage logs and information pertaining to the physical location of the device over time. Examples of data stored in a smart phone that can reveal a person’s location at specific dates and times include metadata and EXIF tags associated with photographs; IP addresses, which are associated with a geographic location; and geographic location associated with the phone sending/receiving signals with cell towers and satellites. As such, a person’s use of the smart phone can reveal where a person has been at dates and times relevant to the crime(s) under investigation; a person’s activity at relevant dates and times, and/or places a person frequents at which that person is likely to be found for arrest or at which the suspect stored or inadvertently left evidence behind.

13. In addition to electronic communications, a user's Internet activities generally leave traces or "footprints" and history files of the browser application used. A forensic examiner often can recover evidence suggesting whether a computer was using a specific website or application, and when certain files under investigation were uploaded or downloaded. Such information is often maintained indefinitely until overwritten by other data. Additionally, even if such information is deleted from the memory or storage of the device the data may reside on the device for an extended period of time until overwritten by the operating system of the device.

14. Based on my training and experience, I have learned that in addition to the traditional collector, law enforcement has encountered offenders who obtain depictions of



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

minors engaged in sexually explicit conduct from the internet, view the contents and subsequently delete the contraband, often after engaging in self-gratification. In light of technological advancements, increasing Internet speeds and worldwide availability of child sexual exploitative material, this phenomenon offers the offender a sense of decreasing risk of being identified and/or apprehended with quantities of contraband. This type of consumer is commonly referred to as a "seek and delete" offender, knowing that the same or different contraband satisfying their interests remain easily discoverable and accessible online for future viewing and self-gratification.

15. Based on my training and experience and my consultation with electronic forensic detectives and agents who are familiar with searches of computers and smartphones, I have learned that regardless of whether a person discards or collects depictions of minors engaged in sexually explicit conduct he accesses for purposes of viewing and sexual gratification, evidence of such activity is likely to be located. This evidence may include the files themselves, logs of account access events, contact lists of others engaged in trafficking of depictions of minors engaged in sexually explicit conduct, and other electronic artifacts that may be forensically recoverable.

16. Based on my training and experience and my consultation with electronic forensic detectives who are familiar with searches of smartphones, I have learned that offenders will try and obfuscate data containing images and videos of minors engaged in sexual activity. One potential manner of trying to hide the contraband may be by changing file extensions. For example, an image file may often have a file extension of ".jpg" of ".jpeg" signifying that it is an image or photograph. An offender may change the that file extension by selecting the "save as" format on a computer or digital device and select ".doc" or ".docx" to make it appear that instead of a contraband image or photograph, it is a word document. The same process may be used to attempt to hide a video file as well. Based on these and other attempts to hide potential contraband, it is necessary for forensic examiners to examine all potential data on the computer.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

17. Whether some data on the phone is evidence may depend on other information stored on the computer, and the application of an examiner's knowledge about how a computer operates. Therefore, the context, location, and data surrounding information in the computer's data may be necessary to understand whether evidence falls within the scope of the warrant.

18. I also know based on my training and experience that obtaining subscriber information for a particular device is often useful in determining who possessed the device on a particular date and time. However, a more definitive way to determine the possessor of a device is to examine how the device is used over a period of days or weeks. The content on the device itself, over a period of time, provides vital evidence of the identity of the user of the device; such evidence can be found in communication content, email information, linked social media accounts, photos (selfies), video, and any location data on the device. Examination of all this data is necessary to accurately determine who possessed the device at dates and times critical to the investigation.

19. I also know based on my training and experience that a search of the digital device itself would irreversibly alter data and/or evidence on the device. The commonly accepted best practice method to search a digital device for evidence involves creating a digital image of the device and then searching that image for the responsive evidence. Creating a forensic image does not alter any evidence on the device; it only copies the data into a searchable format. The image is then searched using search tools to locate and identify that evidence whose seizure is authorized by this warrant. The unaltered device and the image are then preserved in evidence.

20. As set forth herein, I seek permission to search for and seize evidence, fruits, and instrumentalities of the above-referenced crimes, and or things or data identifying the individual engaged in the above referenced criminal activity, that might be found in the SUBJECT DEVICE, in whatever form they are found. It has been my experience that individuals involved and interested in depictions of minors engaged in


UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

sexually explicit conduct often prefer to store images or videos depicting depictions of minors engaged in sexually explicit conduct in electronic form. The ability to store images of depictions of minors engaged in sexually explicit conduct in electronic form makes digital devices an ideal repository for depictions of minors engaged in sexually explicit conduct.

21. Based upon my knowledge, experience, and training in depictions of minors engaged in sexually explicit conduct investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know that there are certain characteristics common to individuals with a sexual interest in minors who are involved in depictions of minors engaged in sexually explicit conduct.

22. Those who possess, receive and attempt to receive depictions of minors engaged in sexually explicit conduct also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other depictions of minors engaged in sexually explicit conduct distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in depictions of minors engaged in sexually explicit conduct.

## INVESTIGATION

23. On June 16, 2026, HSI Seattle conducted an interview with ROBERT TREVINO at the Pier 91 Cruise Ship Terminal in Seattle, WA. TREVINO arrived on the "Carnival Spirit" cruise ship from British Columbia, Canada with a final intended destination of San Antonio, Texas. Upon arrival at the cruise ship terminal, TREVINO presented himself for entry into the United States and his identity was confirmed by Customs and Border Protection (CBP) via TREVINO's U.S. passport card. During the encounter, TREVINO confirmed residing in San Antonio, TX. TREVINO was subsequently referred for further inspection.


UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

24. During the inspection, it was discovered that TREVINO was in possession of an Apple iPhone 15. TREVINO confirmed the iPhone belonged to him, provided consent to CBP to manually review his iPhone, and provided passcodes to access the phone. CBP's manual review of TREVINO's iPhone yielded suspected child sexual abuse material (CSAM). Based on the information obtained by CBP, HSI was notified. During the same day, HSI Special Agent (SA) Audrey Ngadiran and SA Hunter Whitson arrived at the Pier 91 Cruise Ship Terminal and conducted a manual review of TREVINO's Apple iPhone 15. At least 10 files of suspected CSAM on TREVINO's phone, some of which involve the sexual penetration of minors.

25. Two media files located on TREVINO's Apple iPhone 15 are described as follows:

i) One image file with an unknown file title and a file date of May 29, 2026, at 1016 hours: The image depicted one partially nude prepubescent female, hereinafter referred to as Minor Victim 1 (MV1). MV1 was estimated to be around ages 12 to 14 due to her youthful appearance and lack of development in secondary sex characteristics such as the lack of pubic hair, stature, and body ratio compared to the adult male depicted within the same image. MV1 was partially nude from below the waist with the front genitals area fully visible. MV1 was seen facing the camera with her face partially visible and the rest of her body fully visible. An adult male is seen behind MV1 and is partially nude from the waist down. The adult male's erect penis was seen anally penetrating MV1, which was the focal point of the image. The adult male is seen holding his hands behind MV1's neck in a "full nelson" type hold.

ii) One video file with a "download 5.mp4" file title, creation date of May 27, 2026, at 0125 hours, and was five seconds in duration: The video depicted one fully clothed prepubescent female, hereinafter referred to as Minor Victim 2 (MV2). MV2 was estimated to be around ages 12 to 14 due to her youthful appearance and lack of development in secondary sex characteristics such as breast size, stature, and body ratio compared to the adult male depicted within the same video. MV2 was seen facing the camera with their face fully visible. An adult male's erect penis was seen orally penetrating MV2, which was the focal point of the video.

I reviewed these files and believe they meet the federal definition of child pornography, as defined in 18 U.S.C. 2256(8).

26. After reviewing and identifying the suspected CSAM files on TREVINO's phone, SA Ngadiran and SA Whitson identified themselves as law enforcement to TREVINO. TREVINO was advised of his constitutional rights and consented to a recorded interview. During the interview, TREVINO admitted to viewing CSAM multiple times and confessed CSAM would be located on his Apple iPhone 15. TREVINO further admitted having a sexual attraction to minors as young as thirteen years and having masturbated to sexual depictions of minors on his phone. TREVINO admitted possessing non-sexual depictions of fully clothed minors on his phone and explained that some of the depictions were of minors wearing swimsuits in a photoshoot. Additionally, TREVINO provided the full names of some of the minors.

27. TREVINO reporting having used artificial intelligence (AI) to generate sexual depictions of minors via text prompts. TREVINO admitted that he had used generative AI to create sexual depictions of minors with and without the use of real images of minors. On one occasion, without the use of an image of a real minor, TREVINO admitted that he had used generative AI to create a series of depictions of a minor engaged in oral sex and that he purposely wanted the minor to look like a "pre-teen." On another occasion, TREVINO admitted that he had used generative AI to morph a non-sexual depiction of real minor into a depiction of the minor engaged in anal sex. TREVINO provided the full name of the minor in the morphed depiction.

28. TREVINO stated that he currently teaches physical education from first grade to eight grade at a school in San Antonio, TX. TREVINO stated that he has been working at that school since 2020. Additionally, TREVINO admitted that he has had sexual attraction to seventh and eighth grade students at the school that he works at.

29. At the conclusion of the interview and manual review of the Apple iPhone 15 (the SUBJECT DIGITAL DEVICE), TREVINO was released without further incident.


UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

HSI Seattle detained TREVINO's U.S. passport card and Apple iPhone 15 and transported them to the HSI Seattle office pending further investigation.

30. I am seeking judicial authority to forensically examine the SUBJECT DIGITAL DEVICE to search for evidence of crimes and contraband or fruits and violations of Title 18 United States Code Sections 2252(a)(4), (b)(2), Access with Intent to View/Possession of Child Pornography. The SUBJECT DIGITAL DEVICE contained the above-described files depicting child sexual abuse material and TREVINO's subsequent statements provide probable cause to believe the SUBJECT DIGITAL DEVICE will contain files depicting the sexual abuse of minors.

**CONCLUSION**

31. The affidavit and application are being presented by reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3).

32. Based on the information set forth herein, there is probable cause to search the above-described SUBJECT DIGITAL DEVICE, as further described in Attachment A, for evidence, fruits and instrumentalities, as further described in Attachment B, Access with Intent to View/Possession of Child Pornography in violation of Title 18, United States Code, Sections 2252(a)(4)(B), (b)(2).

AUDREY NGADIRAN
Special Agent
Homeland Security Investigations

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on this 1st day of July, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**ATTACHMENT A**

**Description of Devices to be Searched**

This warrant authorizes the seizure and search of SUBJECT DIGITAL DEVICE:

one Apple iPhone 15

and any other electronic storage media found therein the device including internal storage device cards which are currently located at Homeland Security Investigations secure evidence section.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## ATTACHMENT B

## ITEMS TO BE SEIZED

The following items, which constitute fruits, contraband, evidence, and instrumentalities of violations of Access with Intent to View/Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2), including:

1. All records on the **SUBJECT DIGITAL DEVICE** described in Attachment A that relate to violations of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2), including:

a. Evidence of other accounts associated with this device including email addresses, social media accounts, messaging "app" accounts, and other accounts that may be accessed through the digital device that will aid in determining the possessor/user of the device;

b. Evidence of use of the device to communicate with other individuals with a sexualized interest in minors or others about the above-listed crime(s), via incoming or outgoing calls, chat sessions, instant messages, text messages, app communications, social media, SMS communications, and other similar digital communications related to the sexual abuse of a minor or the possession or production of depictions of minors engaged in sexually explicit conduct for the dates of May 1, 2026, through June 16, 2026;

c. Evidence of use of artificial intelligence software programs to generate child sexual abuse material;

d. Evidence of the identity of the person in possession of the device on or about any times that items of evidentiary value (user attribution evidence), located pursuant to this warrant, were created modified, accessed, or otherwise manipulated. Such evidence may be found in digital communications, photos and video and associated metadata, documents, social media activity, and electronically stored information from the digital device necessary to understand how the digital device was used, the purpose of its use, who used it, and when;



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

e. Child pornography as defined in 18 U.S.C. § 2256 meaning any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), in any format or media to include morphed child pornography files and child sexual abuse material generated with artificial intelligence;

f. Evidence of malware that would allow others to control the digital device such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malware; as well as evidence of the lack of such malware;

g. Evidence of the attachment to the digital device of other storage devices or similar containers for electronic evidence, and/or evidence that any of the digital devices were attached to any other digital device;

h. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from a digital device;

i. Evidence of times the digital device was used;

j. Electronically stored information from the SUBJECT DIGITAL DEVICE necessary to understand how the digital device was used, the purpose of its use, who used it, and when; and

k. Information that can be used to calculate the position of the SUBJECT DIGITAL DEVICE, including location data; cell tower usage; GPS satellite data; GPS coordinates for routes and destination queries between the above-listed dates; “app” data or usage information and related location information; and images created, accessed or modified between the above-listed dates, together with their metadata and EXIF tags for the dates of May 1, 2026, through June 16, 2026.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970